■ STEPHEN D. JACOBY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 42700.) — STALEY, JR., J. Appeal by the claimant from a judgment of the Court of Claims awarding the claimant $74,000 as a result of certain appropriations of claimant's premises pursuant to section 40 of the Social Welfare Law. On January 31, 1962, claimant purchased property appropriated from Mamie Benkert for the sum of $60,000. The property was situate on the north side of the Delaware River and consisted of two parcels; Parcel A containing 139.5 acres on the north side of Route 10, and Parcel B containing 4.9 acres on the south side of Route 10. Parcel A was a homesite area improved with 7 structures, while Parcel B was unimproved river flat property. On October 29, 1962, claimant and the Department of Social Welfare entered into a written temporary occupancy agreement for the appropriated property to be used by the department as a branch of a boys' state training school. The agreement provided for a monthly rental and authorized the Department of Social Welfare, at its own expense, to make any alterations, repairs or additions to any or all of the buildings on the said premises. The agreement also contained a written acknowledgment that both parties were mutually aware that it was the intent of the State to acquire title to the

premises by appropriation. The State took possession on November 1, 1962, and notice of the appropriation was served on claimant on July 23, 1963 when title vested in the State. During its possession and prior to the appropriation, the State spent $55,000 on improvements and repairs to the property. Prior to its possession, claimant spent approximately $5,000 for labor and materials on the appropriated property according to the testimony of his former employee and business manager. Claimant had knowledge that the State contemplated acquiring the property from February, 1962 up to the date of the appropriaton. The claimant's first contention is that he is entitled to compensation for damages to the remainder of the property not appropriated by the State; namely, a parcel of 19 acres of land, with structures, situate on the south side of the Delaware River acquired by him from Alice McLean on July 31, 1962 for $13,000 including other unrelated properties. The Benkert and McLean farms involved here were separate and autonomous farm estates separated by the Delaware River and never used together as one entity. The claimant is not entitled to any consequential or severance damages to the McLean property since the record does not establish any unity of use of the two parcels separated by the Delaware River (*Matter of Board of Supervisors* v. *Sherlo Realty*, 32 Misc 2d 579, affd. 19 A D 2d 590, affd. 13 N Y 2d 1172). The claimant also contends that the appropriated property should be valued as of the date of the appropriation and not the date of its original occupancy on November 1, 1962. The trial court found that the fair and reasonable value of the property on July 23, 1963 is the same amount as the fair and reasonable value on November 1, 1962 and refused to make any allowance to claimant for the value of the improvements made by the State prior to July 23, 1963. Since claimant agreed that the State could make improvements to the property at its own expense and since he was aware of the State's intent to appropriate the property, he is in no position to claim for himself as a windfall the value of the improvements made. In *New York, Ontario & Western Ry. Co.* v. *Livingston* (238 N. Y. 300, 304, 305), the Court of Appeals stated as follows: "We think a railroad company or other public agency which enters lawfully upon land and improves it in good faith, may exclude the value of the improvements in proceedings brought thereafter to condemn a hostile right * * *. In such circumstances, 'just compensation' does not exact the addition of the value of the improvements to the value of the land." The trial court properly excluded from the award, as added compensation to claimant, the value of the improvements made by the State. Judgment affirmed, without costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.