■ EPHRAIM HOLDING CORP., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 43779.) — GIBSON, P. J. Cross appeals from a judgment of the Court of Claims which awarded damages for an appropriation of real property. The permanent appropriation was of the westerly portion of premises known as Nos. 509–511 Main Street, New Rochelle. The portion remaining to claimant separated the appropriated parcel from premises to the east known as No. 507 Main Street, also owned by claimant. On this remaining portion of Nos. 509–511 Main Street, the State appropriated a temporary easement for removing or razing the building on the parcel taken in fee. The demolition of the building on the appropriated parcel exposed to view the westerly side of the building on the premises at No. 507 Main Street, this west wall presenting an unfinished and unsightly appearance which could be corrected at a cost of $5,100. The wall involved was not a party wall. There was no physical connection between the buildings, which were dissimilar, were constructed at different times, were acquired by claimant at different times and were rented to various tenants, none of them or their businesses having any relation to any of the others. Nevertheless, because claimant owned both buildings claimant's expert treated and valued them as a unit. The trial court adopted this theory and included in its award consequential damage of $5,100 allocable to the 507 Main Street premises. There existed in this case no unity of use and that factor is one of the essential predicates of an award. "Ownership by the same owner of other lands in close proximity to the appropriated land standing by itself is without legal significance." (*Matter of Board of Supervisors of County of Monroe v. Sherlo Realty,* 32 Misc 2d 579, 588, affd. 19 A D 2d 590, affd. 13 N Y 2d 1172.) We find *Matter of Port Auth. Trans-Hudson Corp. (Hudson Rapid Tubes Corp.)* (27 A D 2d 32, mod. 20 N Y 2d 457, cert. den. 390 U. S. 1002), upon which claimant relies, in no way apposite. The State questions only that part of the consequential damage allocated to the 507 Main Street parcel and, as we have indicated, no damage of this nature has been established. Upon turning to claimant's cross appeal, we find that the trial court's determination of the value of the land at 509–511 Main Street in the amount of $33,653, is not within the range of the expert testimony. Claimant's expert testified to a before value of $44,870, and the State valued it at $39,250. "Not only must a total award be within the range of the expert testimony, but also its various components, or it must otherwise be supported by independent evidence". (*Clearwater v. State of New York,* 28 A D 2d 936.) Judgment reversed, on the law and the facts, without costs, and a new trial,

limited to the issue of damages to premises at No. 509–511 Main Street, ordered. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.