■ In the Matter of the City of New York, Respondent, Relative to Acquiring Title to Real Property Located at the North Side of 65th Street between 3rd Avenue and 4th Avenue as a Site for New Police Station House Pct. No. 68, in the Borough of Brooklyn. Anna M. O'Brien et al. Appellants.— In a condemnation proceeding, the claimants appeal from a final order of the Supreme Court, Queens County, dated March 17, 1967 and entered in Kings County on March 21, 1967, which fixed their award in the sum of $65,000. The Justice before whom the proceeding was tried died without rendering a decision; and, upon stipulation of the parties, the proceeding was submitted to the Justice who rendered the decision, upon the minutes of the trial. Final order reversed, on the law, without costs, and new trial granted. The findings of fact below have not been affirmed. We agree with Special Term's determination that the subject property, fronting on 65th Street, Brooklyn, a one-way side street, had no unity of use with the adjoining corner gasoline service station property, also owned by appellants; that the service station property is under a long-term lease and is fenced off from the part taken; and that appellants, therefore, are not entitled to an award for consequential damages to the service station property (*Matter of Clinton Street Police Station Site in City of New York,* 123 N. Y. S. 198; *Ephraim Holding Corp.* v. *State of New York,* 30 A D 2d 623; cf. *Matter of Board of Supervisors of County of Monroe* v. *Sherlo Realty,* 32 Misc 2d 579, affd. 19 A D 2d 590). However, Special Term erred in not indicating the basis for its award and the highest and best use to which the subject property could have been put (*New York State Elec. & Gas Corp.* v. *Tompkins,* 29 A D 2d 576; *Matter of Board of*

*Water Commissioners* [*Westchester County Water Works Co.*], 55 App. Div. 77). Since such findings were not made, and the Justice who rendered the decision upon the trial minutes was not cognizant of the views of the deceased Trial Justice on the determinative facts, as also this court is not, we are constrained, under the circumstances, to grant appellants a new trial (cf. *Conklin* v. *State of New York,* 22 A D 2d 481, 483; *Yennock* v. *State of New York,* 23 A D 2d 809). Special Term at the new trial should make a finding and an award as to appellants' consequential damages for the vacant lot owned by them on 64th Street (also contiguous to the subject property) for loss of plottage and double frontage (cf. *Priestly* v. *State of New York,* 23 N Y 2d 152; *Matter of City of New York* [*Newoak Realty Co.*], 10 A D 2d 865). Rabin, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.