■ EINAR PEDERSEN et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 51111.)—Appeal from a judgment, entered April 11, 1972, upon a decision of the Court of Claims. All of claimants' land consisting of three contiguous parcels on the corner of Sunrise Highway and Brook Avenue in Bay Shore was appropriated by the State pursuant to section 30 of the Highway Law. On one of the parcels which was owned by claimant Einar Pedersen, was erected a gasoline service station and garage leased to Gulf Oil Corporation. On another, owned by Einar's wife, claimant Emilie Pedersen, was erected a doughnut shop. The third parcel was owned by claimant E. E. Construction Corporation, the stock of which was wholly owned by the Pedersens, and was vacant. The State appraised each parcel separately, assigning a different highest and best use for each. Claimants' appraiser treated the three parcels as a single unimproved parcel and, after allowing for the demolition of the structures, assigned a single highest and best use. The Court of Claims referee rejected claimants' appraisal in its

entirety and adopted the theory and values of the State's appraisals, finding that there was no unity of ownership or interest among the three parcels. On this appeal claimants urge that the three parcels should have been treated as a single unit notwithstanding the different title owners, and that the referee erred in rejecting their entire appraisal. These contentions are without merit. Assuming that there was unity of ownership, there must also be unity of use, a requisite for treating contiguous parcels as one tract. *(Erly Realty Development v State of New York,* 43 AD2d 301, 303–304, mot for lv to app den 34 NY2d 515.) Although zoning of the entire parcel was originally changed to permit a gasoline station and garage use, only a portion thereof was so used. When the zoning was later changed to place the entire property in a business-1 zone, the gas station was allowed to continue as a nonconforming use and was in full operation at the time of the appropriation. The portion used for a doughnut shop was in keeping with the business-1 zoning. Prior to the appropriation a fire had damaged the doughnut shop but repairs were immediately made so that it could continue in business. It remained so until the appropriation. On several applications to the town board, the corporation applied for permission to construct a commercial building on its vacant parcel, but that parcel remained vacant. These were unrelated uses, none of which had any relation to the others. From an examination of the record we find no evidence that claimants had an intention of establishing a unity of use on the whole parcel. There was, therefore, no unity of use. *(Ephriam Holding Corp. v State of New York,* 30 AD2d 623.) The referee correctly rejected claimants' appraisal as it was based on an erroneous theory of treating and valuing the three parcels as a unity. It is clear from the records that after considering all of the evidence on value, including testimony of expert witnesses, exhibits and a personal inspection of the property, the referee accepted the values of the State's expert. There was sufficient proof of damages and we find no reason to disturb the determination. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.