CITY OF BUFFALO, Respondent-Appellant, v HAROLD S. GOLDMAN et al., Doing Business as GENERAL MEDICAL TOWERS, Appellants-Respondents. (Appeal No. 1.)—Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: On January 16, 1973 plaintiff condemned a vacant 5,000-square-foot parcel known as 806 Ellicott Street which constituted a small parking lot owned by defendants. The subject parcel is located on the south side of High Street across from another parcel owned by defendants containing the General Medical

Towers Building (50 High Street). Defendants appeal from a judgment which awarded them the sum of $2,750 plus interest and $2,675 costs and disbursements. The court awarded $12,750 as compensation for the appropriation of defendants' property; $10,000 had been previously paid into court by plaintiff. Plaintiff cross-appeals from that part of the judgment which awarded defendants costs and disbursements and also appeals from an order which denied its motion for judicial review and retaxation of those costs and disbursements. We find no merit to defendants' contention that there was unity of use between the subject parcel and 50 High Street so as to label the taking here a "partial taking" and justify an award of severance or consequential damages (*Matter of Board of Supervisors of County of Monroe v Sherlo Realty*, 32 Misc 2d 579, affd 19 AD2d 590, affd 13 NY2d 1172; see *Strong v State of New York*, 38 AD2d 241; *Matter of City of New York [O'Brien]*, 32 AD2d 1059; *Ephraim Holding Corp. v State of New York*, 30 AD2d 623; *Jacoby v State of New York*, 26 AD2d 724). The parcels here were separated by High Street, the deed description of each parcel was as a separate lot, the testimony as to past or actual conjunctive use of the parcels was vague and inconclusive, the medical office building on the parcel not appropriated was in no way necessary to the enjoyment of the appropriated parcel which as a corner lot was capable of a number of uses and the two parcels were carried separately on the tax rolls (see *Matter of Board of Supervisors of County of Monroe v Sherlo Realty*, 13 NY2d 1172, *supra*). Although there was testimony that the subject parcel was used as a back-up parking facility for the larger parking lot adjacent to the medical office building, such testimony was inconclusive with respect to the times of day this back-up lot was full, how many cars normally occupied the lot and, most importantly, whether all those who utilized the lot were patrons of 50 High Street. In fact, there was testimony that individuals who were going to Buffalo General Hospital might have used the subject parcel at times. Therefore, we do not disturb the court's finding that there was no unity of use between the subject parcel and 50 High Street. Moreover, assuming unity of use did exist, defendants failed to prove with any degree of certainty consequential damages to 50 High Street as a result of the appropriation. The determination of value in a condemnation case should not be disturbed when it is within the range of the expert testimony, unless it is defective by virtue of erroneous legal reasoning (*Brown v State of New York*, 52 AD2d 1079; see, also, *Levin v State of New York*, 13 NY2d 87, 92-93). We affirm the court's award of $2,750 inasmuch as it is within the range of the expert testimony and defendants fail to present any cogent argument that such determination is affected by legal error. Since this proceeding is brought under article 21 of the Charter of the City of Buffalo and section 555 of the General Municipal Law, any additional costs must be awarded pursuant to the CPLR (*City of Buffalo v Clement Co.*, 28 NY2d 241, 263). We find that the court's award of $150 in costs pursuant to CPLR 8101 was proper (see *City of Buffalo v Clement Co.*, *supra*). The taxation of expert witness fees under CPLR 8303 (subd [a], par 2) is unjustified. Expert witness fees are not among the list of taxable disbursements under CPLR 8301 (subd [a], pars 1-11). We find, however, that an additional allowance of 5% of the award under CPLR 8303 (subd [a], par 2) is appropriate and that consequently defendants are entitled to 5% of the $12,750 award amounting to $637.50. (Appeals from judgment of Erie Supreme Court—condemnation.) Present—Marsh, P. J., Moule, Cardamone, Dillon and Witmer, JJ.