■ 25 WEST 74TH STREET, CORP., Respondent, v JANN S. WENNER et al., Appellants, et al., Defendant. [702 NYS2d 282] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered November 19, 1998, which, to the extent appealed from, denied in part the motion of defendant Tishman Interiors Corporations to dismiss the complaint against it and denied in part the motion of defendant Jann S. Wenner to dismiss the complaint as against him, unanimously affirmed, with costs.

In its complaint, plaintiff alleges that the construction of the metal cap and chimneys on top of a common wall encroached on its property and constituted a trespass. According to the complaint, the chimneys and flues, constructed at the direction of defendant Wenner, deprived plaintiff of the use of the common wall and of the use of its own roof to construct a penthouse. It is settled law that a common or party wall "is for the common benefit of contiguous proprietors. Neither may subject it

to a use whereby it ceases to be continuously available for enjoyment by the other" (*Varriale v Brooklyn Edison Co.*, 252 NY 222, 224). Each proprietor may subject the wall to whatever uses are proper, if the freedom of the other to use the wall properly is not consequently curtailed (*supra*). It is uncontroverted that the metal cap, installed by defendants with anchors on both sides of the wall, and the chimneys constructed by defendants spanned the entire length of the common wall, and that the chimneys were installed for the exclusive use of defendant Wenner. Plaintiff alleged that it wanted to build a penthouse and that it was not able to do so due to the presence of the metal cap, chimneys and flues. Accepting these allegations as true and giving plaintiff the benefit of every reasonable inference, as is appropriate in the context of adjudicating defendants' motion to dismiss for failure to state a cause of action (*see, 219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 509; *Gabriel v Therapists Unlimited,* 218 AD2d 614), plaintiff's allegations are sufficient to sustain a cause of action for trespass.

Motion seeking to strike portions of record denied. Concur—Rosenberger, J. P., Williams, Lerner, Andrias and Friedman, JJ.