■ ALFRED WADE et al., Appellants, v VILLAGE OF WHITEHALL et al., Respondents, et al., Defendant. [793 NYS2d 251]—

Rose, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered April 27, 2004 in Washington County, which granted certain defendants' motions for summary judgment.

Plaintiffs commenced this action for damages alleging that defendants, in the process of tearing down a dilapidated building (hereinafter the Steinmetz building), also removed an exterior wall of the Steinmetz building (hereinafter the Steinmetz wall) that had shielded the contiguous wall of their abutting building (hereinafter the Wade building) from the elements. The record establishes that the Steinmetz and Wade buildings were both over 100 years old, each had a separately constructed exterior brick wall, and the Steinmetz wall existed solely on the Steinmetz property before the Wade building was constructed. The Steinmetz wall was not physically interconnected with the Wade wall and was part of a building that was apparently always owned and used independently from the Wade building. Although the Steinmetz wall provided no structural support for the Wade building, its removal rendered the Wade

building unuseable because the exposed wall of the Wade building is unfinished and not weatherproof. Asserting that, among other things, the Steinmetz wall was not a party wall and, thus, they cannot be held liable for its removal, defendants* each moved for summary judgment dismissing the complaint. Supreme Court granted the motions, prompting this appeal by plaintiffs.

Given the absence of any evidence that a party wall was created here by either an express agreement or prior joint ownership of the abutting buildings, plaintiffs argue that the Steinmetz wall was a party wall by use. They claim that their rights in the Steinmetz wall came about through a prescriptive easement obtained by the Wade building's use of the Steinmetz wall to protect its unfinished exterior wall from the elements. We cannot agree.

"A party wall is generally described as a wall erected between two adjoining pieces of property and used for the common advantage of both owners" (10-104 Warren's Weed, New York Real Property, Party Walls § 104.01 [2004]). To be sure, one type of party wall is "[a] wall which belongs entirely to one of the adjoining owners, but is subject to an easement or right in the other to have it maintained as a dividing wall between the two tenements" (*Soma Realty Co. v Romeo*, 31 Misc 2d 20, 22 [1961]; *see Watson v Gray*, 14 Ch Div 192, 194-195 [1880]; *Pearsall v Westcott*, 30 App Div 99, 104 [1898]). To establish a prescriptive easement in the Steinmetz wall, however, plaintiffs must prove by clear and convincing evidence that the Wade building's use of the Steinmetz wall was, among other things, adverse (*see Beretz v Diehl*, 302 AD2d 808, 809 [2003]; *Vinciguerra v State of New York*, 262 AD2d 743, 745 [1999]). Here, there is simply no evidence that the use made by the Wade building was a wrongful encroachment onto the premises of the Steinmetz building which would have been actionable as a trespass, as is required for a use to be adverse (*see Merriam v 352 West 42nd St. Corp.*, 14 AD2d 383, 387 [1961]). Accordingly, we are unpersuaded that the passive use of the Steinmetz wall as a shield against the elements could have given rise to a prescriptive easement in the Steinmetz wall (*see e.g. Ephraim Holding Corp. v State of New York*, 30 AD2d 623, 623 [1968]; *Alberti v Emigrant Indus. Sav. Bank*, 179 Misc 1021, 1021 [1942], *affd* 265 App Div 1046 [1943]).

Finally, we have considered plaintiffs' claim that Supreme Court erred in refusing to consider their surreply affidavits, and

---

* All defendants except defendant Richard McGuire moved for summary judgment. As such, references to "defendants" herein do not include McGuire.

find it to be without merit (see Matter of Kushaqua Estates v Bonded Concrete, 215 AD2d 993, 994 [1995]).

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.