■ HERBERT MOSKOWITZ, Doing Business as MANHATTAN REALTY COMPANY, Respondent, v PAVARINI MCGOVERN LLC, Appellant, et al., Defendants. [922 NYS2d 284]—

Appeal from order, Supreme Court, New York County (Edward H. Lehner, J.), entered November 10, 2009, which, to the extent appealed from, granted plaintiff's motion for the entry of a judgment against defendant Pavarini McGovern LLC in the amount of $62,000, deemed appeal from judgment, same court and Justice, entered November 18, 2009 (CPLR 5501 [c]), and, so considered, said judgment unanimously affirmed, with costs.

The parties' settlement agreement permitted defendant to enter plaintiff's property to erect certain protection over plaintiff's fire escape. This protection was made necessary when the Department of Buildings issued a notice of violation with a stop work order in connection with defendant's construction project on the adjacent property. The settlement agreement provided that defendant would require access to plaintiff's roof until May 24, 2008 and that it would pay plaintiff $400 for each additional day that the protection remained affixed to plaintiff's property after that date. Defendant failed to complete its work and remove the protection by May 24, 2008. Defendant thereafter paid the daily $400 until January 2009, when, although defendant had not removed the protection from plaintiff's property, it ceased making any payments under the settlement agreement.

We reject defendant's argument that the contractual provision for the payment of $400 per day after May 24, 2008 is a liquidated damages clause and that, since plaintiff suffered no damages, the payment is an unenforceable penalty (see *Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425 [1977]). The provision does not set forth liquidated damages in the event of a breach but rather clearly constitutes a fee to plaintiff for extending defendant's license to enter and encumber plaintiff's property beyond May 24, 2008.

Moreover, even were we to accept defendant's contention that the provision was a liquidated damages clause, defendant would still not prevail. As the party seeking to avoid payment of liquidated damages, defendant must demonstrate that "the amount fixed is plainly or grossly disproportionate to the probable loss" (*Truck Rent-A-Ctr.*, 41 NY2d at 425). Defendant failed to pay the contract price for physically encumbering plaintiff's realty and also failed to remove the protection. Thus, defendant became a trespasser, and "the proper measure of the damages for trespass is the gain the trespasser has derived from its wrongful conduct" (*Sakele Bros. v Safdie*, 302 AD2d 20, 27 [2002]). Defendant was required to show that the $400-per-day amount was disproportionate to the benefit it realized from be-

ing permitted to proceed with its multimillion dollar construction project. Defendant has not even attempted to carry its burden.

We also reject defendant's argument that it already had a license granted by plaintiff when the parties entered into the settlement agreement. That purported initial license agreement is not in the record on appeal, and plaintiff asserts that the initial license was limited to separate protection work on the roof. Plaintiff's position is supported by the fact that, after the Department of Buildings had notified defendant that the additional fire-escape protection was required, defendant sought a license to erect that protection. Even assuming the initial license covered the new fire-escape construction on plaintiff's realty, there is no evidence that plaintiff was barred from withdrawing the initial permission. Moreover, the settlement agreement superseded any license previously granted.

We have reviewed defendant's remaining contentions, including its "public policy" argument, and find them to be without merit (see Matter of 155 W. 21st St., LLC v McMullan, 61 AD3d 497 [2009]). Concur—Saxe, J.P., Friedman, Catterson, Acosta and Richter, JJ.