# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

760

CA 13-02096

PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

TEHAN'S CATALOG SHOWROOMS, INC.,
CLAIMANT-APPELLANT,

V                                             MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 117360.)
(APPEAL NO. 2.)

---

BIERSDORF & ASSOCIATES, P.A., MINNEAPOLIS, MINNESOTA (DAN BIERSDORF OF
COUNSEL), FOR CLAIMANT-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Court of Claims (Christopher J.
McCarthy, J.), entered February 21, 2013. The judgment awarded
damages to claimant.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Claimant commenced this action seeking damages for
defendant's appropriation by condemnation of portions of two
contiguous parcels of its property. Following a trial, the Court of
Claims awarded damages to claimant in the amount of $43,314.53, plus
interest. We affirm.

We reject claimant's contention that the court erred in denying
its motion seeking an order "excluding [defendant's appraisal] from
evidence" on the ground that it improperly valued the two parcels as a
single economic unit without meeting the legal requirements therefor.
"To establish the propriety of valuing two separate parcels of
property as a single economic unit for the purpose of awarding
condemnation damages, 'the [party] must show that the subject parcels
are contiguous, and that there is a unity of use and of ownership' "
(*90 Front St. Assoc., LLC v State of New York*, 79 AD3d 708, 709; *see
Pedersen v State of New York*, 50 AD2d 1004, 1005, *lv denied* 39 NY2d
707; *Erly Realty Dev. v State of New York*, 43 AD2d 301, 303-304, *lv
denied* 34 NY2d 515). Here, the record establishes that defendant
"appraised each parcel separately, assigning a different highest and
best use for each" (*Pedersen*, 50 AD2d at 1004). Thus, defendant did
not treat the parcels as a single economic unit and, consequently, was
not required to make a showing that the parcels were contiguous and

had a unity of use and of ownership (*cf. Matter of Village of Port Chester [Bologna]*, 95 AD3d 895, 896, *lv denied* 20 NY3d 852; *Pedersen*, 50 AD2d at 1004-1005).

Contrary to claimant's further contention, we conclude that it did not meet its "burden of proof . . . [of] establish[ing] indirect damages and [of] furnish[ing] a basis upon which a reasonable estimate of those damages [could] be made" (*Lerner Pavlick Realty v State of New York*, 98 AD3d 567, 568; *see generally Rose Park Place, Inc. v State of New York*, ___ AD3d ___, ___ [May 2, 2014]).  Claimant attempted to establish that, before the appropriation, the highest and best use of one of the parcels was retail use, but that such use would be prohibited by a local zoning ordinance after the appropriation because the parcel's parking area would be reduced.  At trial, however, claimant failed to prove that there was sufficient parking for retail use of the parcel before the appropriation. Thus, claimant "failed to establish that it was 'reasonably probable that the asserted highest and best use could or would have been made of the subject property in the near future' " (*Kupiec v State of New York*, 45 AD3d 1416, 1417, quoting *Matter of City of New York [Rudnick]*, 25 NY2d 146, 149, *mot to amend remittitur granted* 26 NY2d 748).

In light of our determination, we do not address claimant's remaining contention.

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court