▮ MICHAEL E. STAMP, as President of the Schuyler County Chapter, NYSARC, Inc., Respondent, v 301 FRANKLIN STREET CAFÉ, INC., Appellant. [24 NYS3d 767]—

Garry, J. Appeal from an order of the Supreme Court (O'Shea, J.), entered July 22, 2014 in Schuyler County, which, among other things, granted plaintiff's motion for summary judgment.

The Schuyler County Chapter, NYSARC, Inc. (hereinafter NYSARC) owns a parcel of land in the Village of Watkins Glen, Schuyler County that abuts North Franklin Street on the east and South Madison Avenue on the west. Defendant owns the lot immediately adjoining NYSARC's parcel on the northern side. There are buildings on each lot. The two buildings share a central brick wall, which runs from west to east, and the parties' dispute concerns the use of that wall. The wall lies close to the properties' common boundary line; a survey submitted by NYSARC reveals that it is located on NYSARC's side of the line. The brick wall forms the NYSARC building's northern wall. The front of NYSARC's building abuts North Franklin Street, which runs north and south. Defendant's building is set farther back from North Franklin Street and, thus, there is an open area in front of defendant's building, bounded on the south by the exposed eastern end of the wall. The central portion of the wall serves as a common wall between the two buildings. The back of defendant's building abuts South Madison

Street—which runs generally parallel with North Franklin Street—and the wall extends westerly to that street, forming the southern wall of defendant's building. NYSARC's building does not extend to South Madison Street and, thus, the western portion of the wall is also exposed. A parking lot lies in the open area behind NYSARC's building, bounded on the north by the exposed western part of the wall.

Defendant operates a restaurant in its building and uses the open area adjoining North Franklin Street as an outdoor dining space. To facilitate this use, and without obtaining NYSARC's permission, defendant installed light fixtures and utilities on the exposed eastern portion of the brick wall. Defendant also placed a doorway in the western portion of the wall, allegedly to serve as an emergency exit for the restaurant. That doorway opens onto NYSARC's parking lot and can be accessed only by crossing NYSARC's property. Plaintiff, the president of NYSARC, commenced this action alleging, among other things, that defendant trespassed on NYSARC's parcel by installing the fixtures, utility lines and doorway on and/or in the wall. Defendant's answer included a counterclaim seeking a declaration that its actions were proper because the brick wall is a common wall. Plaintiff moved for summary judgment and dismissal of the counterclaim. Supreme Court granted plaintiff's motion and, as pertinent here, ordered defendant to remove the fixtures and utility lines from the eastern part of the wall. The court enjoined defendant from using the doorway for regular entry and exit but, citing public policy, declined to enjoin its use for emergency purposes. Defendant appeals.

We first address the order that defendant remove the utility lines and fixtures from the eastern portion of the wall. Defendant concedes that the survey that plaintiff submitted in support of its motion for summary judgment shows that the wall lies wholly on NYSARC's property, but argues that defendant's installation of the fixtures and utilities was nevertheless proper because it is a party wall. " 'A party wall is generally described as a wall erected between two adjoining pieces of property and used for the common advantage of both owners' " (*Wade v Village of Whitehall*, 17 AD3d 813, 814 [2005], *lv denied* 5 NY3d 717 [2005], quoting 10-104 Warren's Weed, New York Real Property § 104.01 [2004]). Party walls are often located on the boundary line between parcels, in which case the portion of the wall on each property belongs to that parcel's owner, subject to an easement in the other building's owner for its support (*see Sakele Bros. v Safdie*, 302 AD2d 20, 25 [2002]). A party wall, however, may also "belong[ ] entirely to one of the adjoining

owners, but [be] subject to an easement or right in the other to have it maintained as a dividing wall between the two tenements" (*Wade v Village of Whitehall*, 17 AD3d at 814 [internal quotation marks and citation omitted]).

Here, defendant's actions were beyond the scope of a party wall easement; the fixtures and utilities that defendant placed on the exposed eastern portion of the wall neither provided support to defendant's building nor contributed in any way to the maintenance of a dividing wall between the buildings. Instead, they were installed solely for defendant's "mere convenience or advantage" in operating its restaurant (*357 E. 76th St. Corp. v Knickerbocker Ice Co.*, 263 NY 63, 66 [1933]; *see 441 E. 57th St., LLC v 447 E. 57th St. Corp.*, 34 AD3d 378, 378 [2006], *lv denied* 8 NY3d 934 [2007]). As the exposed eastern portion of the wall is located solely on NYSARC's property, the right to use it for such matters of commerce and convenience belongs only to NYSARC, whether or not any part of the wall is subject to an easement for the support of defendant's building (*see Sakele Bros. v Safdie*, 302 AD2d at 21; *compare Lei Chen Fan v New York SMSA Ltd. Partnership*, 94 AD3d 620, 621 [2012]).

Defendant's attempt to establish the existence of issues of fact as to whether it acquired title to the brick wall by adverse possession is unavailing. The evidence that defendant offered of the parties' placement of shelves, decorations, fire extinguishers and other such items on the wall was limited to the interior portions of the parties' respective buildings—that is, areas as to which no challenge to the parties' respective ownership rights has been raised. Defendant offered no proof that it or its predecessors in title have ever used or possessed the exposed eastern portion of the wall on the outside of NYSARC's building in a fashion that was "hostile and under a claim of right, actual, open and notorious, exclusive and continuous" (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159 [1996] [internal quotation marks and citation omitted]; *see Robbins v Schiff*, 106 AD3d 1215, 1215-1216 [2013]). Defendant likewise failed to establish issues of fact as to whether the location of the boundary line had been determined by the doctrine of practical location. Defendant offered no evidence that the parties had agreed upon or acquiesced in a "clear demarcation" of the boundary line (*McMahon v Thornton*, 69 AD3d 1157, 1160 [2010]) that differed from the boundary shown on the survey, or that such a boundary was "definitely and equally known, understood and settled" (*Robert v Shaul*, 62 AD3d 1127, 1128 [2009] [internal quotation marks and citations omitted]) for the

requisite statutory period, all of which are necessary elements to support such a claim (*see Kennedy v Nimons*, 121 AD3d 1229, 1232 [2014]).

Further, we find no error in Supreme Court's determination that defendant's use of the doorway in the exposed western portion of the brick wall for other than emergency purposes without permission constituted trespass as a matter of law. Finally, contrary to defendant's assertion, Supreme Court's order does not "award[ ] title" in the wall to NYSARC, and neither determines nor implies that defendant does not own the southern wall of its building. Instead, the court's decision was limited to determining the extent of defendant's rights to use the exposed eastern part of the wall for the installation of utilities and fixtures and to cross NYSARC's property to use the doorway.

Lahtinen, J.P., Rose, Lynch and Devine, JJ., concur. Ordered that the order is affirmed, with costs.