302 W. 87th St. LLC v SHS Upper City NY II LLC (2025 NY Slip Op 05032)

302 W. 87th St. LLC v SHS Upper City NY II LLC

2025 NY Slip Op 05032

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Index No. 160684/18|Appeal No. 4702-,4703|Case No. 2024-06444, 2025-00727|

[*1]302 W. 87th St. LLC, Plaintiff-Respondent,
v
SHS Upper City NY II LLC, Defendant-Appellant. [And other Actions] 

Stimpfl, Manashirov & Bundschuh, PLLC, Hauppauge (Isaak Manashirov of counsel), for appellant.
Strikowsky, Drachman & Shapiro, PLLC, New York (Theodore L. Hecht of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about September 23, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on its first and third claims for ejectment and use and occupancy and denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
This is a plenary action for ejectment and damages arising from a disposed 2017 license proceeding under RPAPL 881 (see Matter of SHS Upper City NY II v 302 W. 87th St., LLC, index No. 151176/2017). In that proceeding, by order entered on or about February 28, 2017, defendant was granted a license to enter onto plaintiff's property to install certain site protections in connection with its development project, with a license fee of $1,500 per month for a 12-month duration. Among other directives, the 2017 license order also stated that defendant "shall indemnify and hold harmless [plaintiff] from any and all claims, losses, and damages resulting from the Access," including professional and attorneys' fees. Following the expiration of the license term on March 23, 2018, Supreme Court in the RPAPL proceeding directed plaintiff to commence a plenary action for damages relating to defendant's failure to remove its installations from plaintiff's property and for property damage during the course of defendant's work. This action ensued.
Plaintiff established its entitlement to summary judgment on its ejectment claim by showing "(1) it is the owner of an estate in tangible real property, (2) with a present or immediate right to possession thereof, and (3) the defendant is in present possession of the estate" (Noamex, Inc. v Domsey Worldwide, Ltd., 192 AD3d 817, 819 [2d Dept 2021]). Contrary to defendant's contention, defendant's site protections constitute "possession" for the purpose of an ejectment claim, as all that is required is "an actual entry" to any part of the estate to which plaintiff is entitled to immediate possession (see e.g. Churchill v Onderdonk, 59 NY 134, 136 [1874]).
For the same reasons, plaintiff established that defendant's remaining site protections constituted a trespass (see e.g. Sakele Bros., LLC v Safdie, 302 AD2d 20, 26 [1st Dept 2002]). Based on the ongoing trespass, the motion court properly fixed the use and occupancy damages at $1,500 per month, as set forth in the 2017 license order (see id. at 27 ["the proper measure of the damages for trespass is the gain the trespasser has derived from its wrongful conduct"]; see also RPAPL 881).
Although defendant asserts that it was denied its right to a trial on damages by the court's subsequent entry of a partial judgment for the past due use and occupancy from the date of the expiration of license, this contention omits certain operative facts. Specifically, the order appealed provided defendant with a 30-day window to pay plaintiff the $1,500 per month that had already accrued, or plaintiff would then be entitled to settle judgment. Defendant therefore was on notice that it was liable for those payments and elected not to follow the court's instruction to pay the amounts that had already come due. Instead, it prepared a counter-judgment providing for $1,500 per month in damages from May 2019, based on the court's mistaken statement in dicta that the license order had expired then rather than on March 23, 2018. Given the omission of the trespass claim from the notice of appeal and defendant's failure to appeal the resulting judgment, there is no basis for us to disturb the award of use and occupancy as trespass damages. In any event, defendant's failure to pay the past due use and occupancy as ordered rendered the entry of partial judgment an appropriate remedy.
We also affirm the denial of the entirety of defendant's motion for summary judgment. With respect to plaintiff's fourth claim for property damage, the motion court properly determined that there was no basis to dismiss the claim for failure to plead the elements of negligence. Rather, plaintiff's claim falls expressly within RPAPL 881, which states in relevant part that defendant, as licensee, "shall be liable to the adjoining owner . . . for actual damages occurring as a result of the entry." Nothing in the statute provides that the right to damages arising from defendant's work is extinguished by the expiration of the license or the disposal of the RPAPL proceeding. The court here acted within its discretion to direct a party seeking damages to commence a separate plenary action, as plaintiff was directed to do here (see e.g. 154 E. 62 LLC v Normanus Realty LLC, 235 AD3d 421, 422 [1st Dept 2025]). In these circumstances, the motion court properly directed the parties to trial on the fourth claim for property damages. Although defendant contends that plaintiff is not entitled to any of its professional and attorneys' fees under the American rule, the award of those amounts will depend on whether they fall within the scope of the 2017 license order (see e.g. Matter of 1643 First LLC v 1645 1st Ave. LLC, 224 AD3d 623, 624-625 [1st Dept 2024]). The record fails to establish as a matter of law that defendant paid all of plaintiff's professional fees that were due and owing under the 2017 license order, warranting a trial (see id.). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025