(78 Misc. Rep. 358.)

## BIĆAK v. RUNDE.

(Supreme Court, Appellate Term, First Department.   December 6, 1912.)

1. PARTY WALLS (§ 8*)—RIGHTS AND LIABILITIES OF PARTIES—RECONSTRUC-
TION OF BUILDING.
    Where a joint owner of a party wall, in reconstructing his building,
drove bricks from the wall through the lath and plaster of the adjoining
building, he was liable for the actual damage caused thereby.
    [Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 24–41;
Dec. Dig. § 8.*]

2. ADJOINING LANDOWNERS (§ 8*)—USE OF PREMISES AFFECTING ADJOINING
LAND.
    Damages to an adjoining owner, caused without negligence by an
owner changing his own house, are not recoverable, in the absence of
some unlawful act, or actual trespass upon the adjoining owner's prem-
ises.
    [Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§
60–66;  Dec. Dig. § 8.*]

3. PARTY WALLS (§ 8*)—RIGHTS AND LIABILITIES OF PARTIES—ALTERATION
OF WALL.
    A joint owner of a party wall, who in raising its height weakens the
wall, is liable therefor, regardless of the care exercised in the perform-
ance of the work.
    [Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 24–41;
Dec. Dig. § 8.*]

4. PARTY WALLS (§ 8*)—RIGHTS AND LIABILITIES OF PARTIES—ALTERATION
OF WALL.
    A joint owner of a party wall may alter it, and if he does not improp-
erly increase the burden, or injure the wall, he is not liable for inci-
dental damages, in the absence of negligence.
    [Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 24–41;
Dec. Dig. § 8.*]

5. ADJOINING LANDOWNERS (§ '4*)—LATERAL SUPPORT—BUILDINGS AND OTH-
ER STRUCTURES.
    An owner of a building, who removes it, is not liable for damages to
an adjoining building, caused by sagging, through the loss of lateral
support, being under no obligation to give such support.
    [Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§
21–44;  Dec. Dig. § 4.*]

6. ADJOINING LANDOWNERS (§ 8*)—USE OF PREMISES AFFECTING ADJOINING
LAND.
    The owner of a building is not liable for the damages sustained by an
adjoining owner, caused by hammering while reconstructing his build-
ing unless such hammering is excessive.
    [Ed. Note.—For other cases, see Adjoining Landowners, Cent. Dig. §§
60–66;  Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of the Bronx, Second Dis-
trict.

Action by Mary J. Bicak against Josephine Runde.  From a judg-
ment for plaintiff, defendant appeals.  Reversed, and new trial or-
dered.

Argued November term, 1912, before LEHMAN, PAGE, and
HOTCHKISS, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wesselman & Kraus, of New York City (B. L. Kraus, of New York City, of counsel), for appellant.

McLoughlin & Martin, of New York City (Edgar A. Martin, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff and the defendant owned adjoining houses, with a party wall between them. The houses were concededly about 15 years old. The defendant, desiring to alter her house, cut it completely away from the party wall, and moved it a few inches. She then strengthened the party wall, raised it three feet, and reannexed her house to the altered party wall. While this work was being carried on, some bricks from the party wall were driven through the lath and plaster of plaintiff's house, causing some damage, and very considerable additional damage was caused by the sagging of her house, necessitating considerable repairs.

[1] It is not very clear what caused this sagging; but plaintiff claims that, while a small part of the damage may have been caused by the removal of the lateral support accorded by her neighbor's house, the main part of the damage was caused by the pounding of the defendant's workmen on the beams connecting and running through her house. The plaintiff and her husband never saw the workmen at work, and would not testify that this pounding was excessive; but they heard the pounding, and formed their own inference that this pounding caused the greater part of the damage. The trial justice has given the plaintiff judgment for practically the entire cost of repairs as testified to by plaintiff, in spite of the fact that there is considerable evidence that the house was in such poor condition that part of these repairs were in any event necessary. While there is no doubt that the plaintiff can recover for the actual damage caused by the physical breaking in of the wall by the dislocation of bricks, this element of damage is concededly very small, and the judgment must be reversed, if the plaintiff is not entitled to recover for incidental damages, such as sagging and loosening of plaster by the pounding on the beams.

[2] The plaintiff's own theory of the cause of action is unfortunately not disclosed by the pleadings. The complaint is oral: "Damages to property." The complaint is amplified by a written bill of particulars, which sets forth that the defendant altered her building, and that "in the prosecution of the said work, and in the alteration thereof, did damage to the adjacent building owned by the plaintiff." Nowhere does it appear that the plaintiff claims that the injuries were caused by defendant's negligence, but only that damages were caused by defendant in the prosecution of the work of altering her building. Obviously, injuries caused without negligence by an owner changing his own house are not injuries for which the law allows damages, in the absence of some unlawful act on the part of the owner, or an actual trespass upon his neighbor's premises.

[3] Since the pleadings afford us no clue to the issues which the plaintiff desired to raise, we must examine the record to see whether

any cause of action has been proven. The defendant has raised the height of the party wall three feet, and if, in so doing, she has weakened the party wall, she is responsible for her act, regardless of any care in performing the work. The plaintiff has not, however, shown that the party wall has been weakened, and the defendant affirmatively shows that she has strengthened the wall.

[4] If the plaintiff claims that the defendant is liable for all incidental damages caused by the work of altering the party wall, she is clearly in error; for one owner is permitted to alter a party wall, if he does not improperly increase the burden or injure the wall itself, and in the absence of negligence he is not liable for incidental damages. Negus v. Becker, 143 N. Y. 303, 38 N. E. 290, 25 L. R. A. 667, 42 Am. St. Rep. 724.

[5] If the damages were caused by sagging of plaintiff's house through the loss of lateral support, caused by the removal of defendant's house, the defendant is not liable, for she was under no obligation to give this support. The sole possible ground of recovery is that defendant has been guilty of either negligence or trespass.

[6] So far as the small damage caused by the dislocation of the bricks is concerned, the proof is sufficient to sustain a recovery either for negligence or trespass; but the larger part of the damages is not connected with these holes. They were, on plaintiff's theory, caused by the hammering on the joists of defendant's house. In the absence, however, of evidence that this hammering was excessive, there can be no recovery for this damage. The defendant had a right to alter her house, if she did so without negligence. She shows that, in making the alterations, the workmen were obliged to cut the joists, and then to hammer the small pieces remaining in the wall free from the wall. She shows that her workmen used care in the work, and even the plaintiff said that in "doing the *necessary* work the men had done an awful lot of pounding on the beams."

Since, therefore, upon no theory has the plaintiff shown any right to recover for more than the actual holes in the wall, the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.

PAGE, J., concurs. HOTCHKISS, J., concurs in the result.