■ In the Matter of Doshie Pinkston, Individually and on Behalf of Her Minor Child, Leo Pinkston, Petitioner, v Noah Weinberg, as Commissioner of the Rockland County Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner of Social Services, dated December 18, 1978 and made after a statutory fair hearing, which affirmed the determination of the local agency to discontinue the grant of aid to petitioner and her minor child because petitioner failed to notify the local agency that she possessed an

available resource, namely, a 1974 Plymouth automobile. Petition granted to the following extent: (1) The determination is annulled, on the law, without costs or disbursements, and respondents are directed to reinstate and continue without interruption the grant of aid to petitioner's minor child; (2) With respect to petitioner herself, the matter of whether she or her nondependent son owns the automobile in question is remanded to respondents for further investigation and appropriate action on the basis thereof; and (3) The matter is remanded to Special Term for the sole purpose of a determination of whether Special Term, in the exercise of its discretion, should award attorney's fees to the petitioner's attorney. There was no determination of a lack of need, and in the absence thereof, financial assistance directed to dependent children in the form of a grant under the aid to families with dependent children program may not be discontinued or reduced because their mother has failed to disclose to the local agency her possession of an available resource, here the 1974 Plymouth automobile (see *Matter of Gunn v Blum,* 48 NY2d 58). At the hearing petitioner denied she owned the car and said that it was registered in her name, but that it was owned by her son Herman, who is not a dependent minor. She said she had paid nothing toward the purchase of the car nor for its insurance or repair. The son submitted an affidavit stating that he had bought the car and made monthly payments directly to the Chrysler Corporation through its loan program until it had been fully paid for. He stated that he was an assigned risk at the time, and the car had been registered in his mother's name for insurance purposes. His mother had never made a payment for the car, nor had she used it or had access to it. We find no substantial evidence in the record to support the determination that petitioner owned the automobile. Since the determination must be annulled in any event, the matter is remanded to the respondents for further investigation with respect to the question of ownership of the vehicle and such action based thereon as may be appropriate. In addition, the matter should be remanded to Special Term for the exercise of its discretion whether to award appropriate counsel fees. The United States Supreme Court has recently held that attorneys' fees may be granted in applications of this character dealing with violations of the Social Security Act *(Maine v Thiboutot,* 448 US 1; United States Code, tit 42, §§ 1983, 1988). Ordinarily, in a proper case the court's discretion may be exercised to award an attorney's fee in the absence of special circumstances which would render such a recovery unjust *(Matter of Ashley v Curtis,* 67 AD2d 828). Hopkins, J.P., Titone, Mangano, Margett and Weinstein, JJ., concur.