■ In the Matter of DOSHIE PINKSTON, Respondent, v NOAH WEINBERG, as Commissioner of the Rockland County Department of Social Services, et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the State Commissioner of Social Services, the appeal is from

an order of the Supreme Court, Rockland County (Stolarik, J.), dated June 30, 1981, which, upon remittitur of the matter from this court "for the sole purpose of a determination of whether Special Term, in the exercise of its discretion, should award attorney's fees to the petitioner's attorney" (*Matter of Pinkston v Weinberg,* 79 AD2d 1003, 1004), awarded petitioner said fees in the amount of $3,500. Order modified, as a matter of discretion, so as to delete the provision setting the amount of attorney's fees at $3,500. As so modified, order affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Rockland County, for a new determination of the amount of reasonable attorney's fees. While we agree that there are no special circumstances such as to bar an award of counsel fees to this petitioner as prevailing party in a proceeding cognizable under section 1983 of title 42 of the United States Code (see *Matter of Johnson v Blum,* 58 NY2d 454) the award was so excessive as to constitute an abuse of discretion. More specifically, in computing the reasonableness of the sum constituting an award of attorney's fees under section 1988 of title 42 of the United States Code, Special Term should be guided by those factors and considerations recently delineated in the analytical framework propounded by Justice Rubin of this court (see *Matter of Rahmey v Blum,* 95 AD2d 294). Here, many functions which could have been properly performed by clerical or other nonlegal personnel were billed at the rate of $100 per hour, the rate requested by the Director of the Legal Aid Society of Rockland County for his legal services. These documented activities included the billing of 120 minutes for photocopying and binding a brief to this court, 60 minutes for photocopying a reply brief, 45 minutes for proofreading and 125 minutes for travel to this court to file the reply brief, in addition to proper charges for costs and disbursements associated therewith. Additionally, counsel charged at the rate of $100 per hour for 150 minutes, representing his travel time to this court to participate in oral argument and at that same rate for 135 minutes for such participation. Further, it does not appear from this record that Special Term made an objective and independent estimate of the lodestar fee, and thereafter adjusted that figure to take into account, *inter alia,* the relative novelty and difficulty of the questions presented, the amount involved and the result obtained (see *Matter of Rahmey v Blum,* 95 AD2d 294, *supra*). Accordingly, the matter is remitted for a new computation of reasonable counsel fees, following the guidelines set forth in *Rahmey* (*supra*). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.