■ In the Matter of TIMOTHY McNERNEY et al., Appellants, v BAINBRIDGE-GUILFORD CENTRAL SCHOOL BOARD OF EDUCATION, Respondent.—Kane, J. P. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered November 30, 1988 in Chenango County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent to reorganize two elementary schools.

In 1988, respondent voted to change the configuration of its two elementary schools, both of which previously taught children in kindergarten through sixth grades. The realignment was sought due to projected increases at one of the two schools and called for respondent's kindergarten and first grade students to attend one school and the second through sixth grades to attend the other. The move was met with public opposition and petitioners herein appealed to the Commissioner of Education, who found a rational basis for respondent's decision (Matter of McNerney, 28 Ed Dept Rep 250).

This CPLR article 78 proceeding was then commenced to, *inter alia,* annul respondent's decision to reorganize due to a failure to comply with the State Environmental Quality Review Act (hereinafter SEQRA; *see,* ECL 8-0101 *et seq.).* Supreme Court dismissed the petition, finding that the reorganization was a routine activity not subject to SEQRA.

Petitioners now appeal, contending that respondent was obligated by SEQRA to prepare an environmental impact statement before approving the reorganization of its two elementary schools. We disagree. An environmental impact statement is not required for respondent's transfer of students from one school to another, as such reorganization in this instance is encompassed within that class of actions, labeled Type II, which have been determined not to have a significant effect on the environment *(see,* 6 NYCRR 617.13 [a], [d] [17]; *Engle v Pulver,* 80 AD2d 598). Although we recognize respondent's failure to initially determine whether its proposed reorganization was a Type II action, we find the apparent oversight in this instance of no moment and remittal of this matter to respondent unnecessary. Finally, we find petitioners' remaining arguments baseless.

Judgment affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.