■ MARIANNE HEDBERG et al., Appellants, v ANDREW H. BREW, JR., et al., Respondents. [698 NYS2d 536] —In an action, *inter alia*, for a judgment declaring that the plaintiffs have an unrestricted right to use the defendants' property for recreational purposes, the plaintiffs appeal from so much of an order of the Supreme Court, Orange County (Owen, J.), dated June 25, 1998, as denied that branch of their motion which was for summary judgment declaring that they have an unrestricted right to use the defendants' property for recreational purposes.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiffs' motion which was for summary judgment declaring that they have an unrestricted right to use the defendants' property for recreational purposes is granted, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the plaintiffs have an unrestricted right to use the defendants' property for recreational purposes.

The Supreme Court incorrectly determined that the subject easement by grant, which leads to a lake, precluded the use of the right-of-way for any purpose other than ingress or egress to the lake. There is nothing in the language of the grant, express or implied, which restricts or qualifies its use or suggests that the use was to be restricted to merely ingress and egress (*see, Mandia v King Lbr. & Plywood Co.*, 179 AD2d 150, 158). Even if this Court were to find that the language contained in the grant of the easement was uncertain, the surrounding circumstances and the situation of the parties when it was executed demonstrate the purpose of the easement (*see, Loch Sheldrake Assocs. v Evans*, 306 NY 297; *Mandia v King Lbr. & Plywood Co., supra*). The purpose was to maintain and develop recreational areas along the shore of Orange Lake and

to specify the defendants' parcel as one of the areas reserved for such purpose. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.