■ Nancy Kaplan et al., Appellants, v Incorporated Village of Lynbrook, Respondent. [784 NYS2d 586]—

In an action, inter alia, to recover damages for public and private nuisance, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), entered March 26, 2003, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the defendant was entitled to summary judgment dismissing the 12th cause of action pursuant to Environmental Conservation Law article 8 (hereinafter SEQRA). The defendant established a prima facie case for summary judgment by showing that it did not violate SEQRA by failing to conduct a proper environmental review because the defendant's work on a drainage easement known as the Yorkshire Brook constituted a "Type II" project pursuant to 6 NYCRR 617.5 (c) (2) (*see Matter of Civic Assn. of Utopia Estates v City of New York*, 258 AD2d 650 [1999]; *Matter of McNerney v Bainbridge-Guilford Cent. School Bd. of Educ.*, 155 AD2d 842 [1989]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The defendant demonstrated that it did not create a public nuisance because its dredging work and the sheathing attendant thereto on the Yorkshire Brook was not unreasonable in character, resolved the worsening problem of flooding in the immediate vicinity, and posed no harm to the community as a whole (*see Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564 [1977]; *Queens County Bus. Alliance v New York Racing Assn.*, 98 AD2d 743 [1983]). In opposition, the plaintiffs failed to raise a triable issue of fact with respect to whether the defendant caused any damage to the common health and safety of the public (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the defendant was entitled to summary judgment dismissing the plaintiffs' first cause of action alleging public nuisance.

The defendant also demonstrated its prima facie entitlement

to judgment as a matter of law on the plaintiffs' third cause of action alleging private nuisance. To recover damages based on the tort of private nuisance, a plaintiff must establish an interference with his or her right to use and enjoy land, substantial in nature, intentional or negligent in origin, unreasonable in character, and caused by the defendant's conduct (*see Copart Indus. v Consolidated Edison Co. of N.Y., supra; Weinberg v Lombardi*, 217 AD2d 579 [1995]). The defendant's superintendent of public works testified at an examination before trial that the dredging work and the sheathing attendant thereto were accomplished in the most reasonable manner possible with limited encroachment upon the plaintiffs' exclusively-owned property. The plaintiffs' pretrial testimony failed to raise a triable issue of fact in opposition to this prima facie showing. Notably, most of their complaints about the work are no different from their complaints concerning the Yorkshire Brook and flooding prior to the work at issue. Accordingly, they failed to show that their use and enjoyment of their land was substantially and unreasonably interfered with (*see Copart Indus. v Consolidated Edison Co. of N.Y., supra; Weinberg v Lombardi, supra*).

The plaintiffs also failed to raise a triable issue of fact with respect to their sixth cause of action alleging trespass. It is well settled that "a person entering upon the land of another without permission, 'whether innocently or by mistake, is a trespasser' " (*Golonka v Plaza at Latham*, 270 AD2d 667, 669 [2000] quoting 104 NY Jur 2d, Trespass § 10). "The essence of trespass is the invasion of a person's interest in the exclusive possession of land" (*Zimmerman v Carmack*, 292 AD2d 601, 602 [2002]). Accordingly, an "action for trespass over the lands of one property owner may not be maintained where the purported trespasser has acquired an easement of way over the land in question" (*Krosky v Hatgipetros*, 150 AD2d 344, 345 [1989]). In the instant case, the defendant demonstrated that it possessed a 12-foot wide drainage easement where the dredging work and the sheathing attendant thereto was conducted in the Yorkshire Brook. The defendant's work within the drainage easement constituted a reasonable use of its interest in the land (*see Albrechta v Broome County Indus. Dev. Agency*, 274 AD2d 651 [2000]; *Phillips v Jacobsen*, 117 AD2d 785 [1986]). In opposition to this prima facie showing, the plaintiffs' testimony was too speculative and conclusory to raise a triable issue of fact as to whether the defendant exceeded the scope of its easement and committed an unlawful entry upon their properties (*see Alvarez v Prospect Hosp., supra*).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Luciano, Skelos and Lifson, JJ., concur.