◼ DAVID CURWIN et al., Appellants, v VERIZON COMMUNICATIONS (LEC), Respondent. [827 NYS2d 256]—

In an action, inter alia, to recover damages for trespass, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated July 18, 2005, which denied their motion for summary judgment on the issue of liability and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion for summary judgment dismissing the complaint and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass (*see Burger v Singh*, 28 AD3d 695, 698 [2006]; *Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410, 412 [2004]). "The essence of trespass is the invasion of a person's interest in the exclusive possession of land" (*id.* [internal quotation marks omitted]). However, an action alleging trespass may not be maintained where the alleged trespasser has an easement over the land in question (*see Mangusi v Town of Mount Pleasant*, 19 AD3d 656, 657 [2005]; *Kaplan v Incorporated Vil. of Lynbrook, supra*).

Here, the defendant failed to establish, prima facie, that it was entitled to summary judgment dismissing the complaint (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The evidence proffered by the defendant in support of its cross motion did not establish that the plaintiffs or their authorized

agent granted an easement or license to the defendant permitting it to install and maintain certain cables, wires, terminal boxes, and fixtures (hereinafter the equipment) under the sidewalk through the basement and through to the outside rear wall of the plaintiffs' property.

The plaintiffs made a prima facie showing of their entitlement to summary judgment establishing that the defendant trespassed on their property by refusing to remove the equipment after the conveyance of the property to them (*see Cassata v New York New England Exch.*, 250 AD2d 491 [1998]; *Bunke v New York Tel. Co.*, 110 App Div 241 [1905], *affd* 188 NY 600 [1907]). In opposition, however, the defendant raised a triable issue of fact as to whether any conduct of the plaintiff David Curwin, who was an officer of the tenant corporation and a member of the plaintiff Robar, LLC, makes it inequitable for the plaintiffs to assert their right to revoke a license granted by the tenant (*see Miller v Seibt*, 13 AD3d 496, 497 [2004]; *Sarfaty v Evangelist*, 142 AD2d 995, 996 [1988]).

Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability and should have denied the defendant's cross motion for summary judgment dismissing the complaint. Santucci, J.P., Goldstein, Skelos and Lunn, JJ., concur.