RAFAEL SASSOUNI et al., Appellants, v MATHILDE KRIM, Respondent. [892 NYS2d 119]—

In the 1950s the defendant and her now-deceased husband (hereinafter the Krims) purchased approximately seven acres of property on Dock Lane in Kings Point (hereinafter the Krim property). The Krim property is located adjacent to other property, also located on Dock Lane (hereinafter the Benjamin property), previously owned by their close friends Robert Benjamin and Jean Benjamin (hereinafter the Benjamins). A pier and dock located on the Benjamin property extend out into the waters of Manhasset Bay. The Benjamins and the Krims primarily used the pier for boating and as a walkway, and the dock for boating. As the years passed, the Benjamins' use of the pier and dock waned, but the Krims continued to use them. After the pier and dock sustained serious storm damage in the 1970s, the Krims, with the knowledge and consent of the Benjamins,

expended significant sums to repair the pier and rebuild the dock. In 1992 the pier and dock were severely damaged by another storm. By this time, Robert Benjamin had died, and the defendant's husband was in failing health. After the defendant's husband died in 1994 she decided to reconstruct the pier. With the knowledge and cooperation of Jean Benjamin, the defendant expended the sum of approximately $160,000 on the reconstruction project.

On February 14, 1998 the defendant and Jean Benjamin signed an agreement, pursuant to which Jean Benjamin granted, to the defendant, her heirs and assigns, and any subsequent transferees of the Krim property, a right-of-way along a 22-foot wide strip of land for "ingress and egress for any purpose along said right of way and to the pier that is presently constructed or which may hereafter be constructed." The agreement also provided that the right-of-way was intended to run with the lands of both parties to the agreement. The agreement was duly recorded in the Office of the County Clerk, County of Nassau, on April 6, 1998. At some point thereafter, Jean Benjamin relocated to Massachusetts. In September 2005 she sold her property to the plaintiffs. In December 2006 the plaintiffs commenced this declaratory judgment action against the defendant. In an order and judgment, the Supreme Court granted the defendant's motion for summary judgment, denied the plaintiffs' cross motion for summary judgment on the complaint, and declared that the agreement granted the defendant, her heirs and assigns, and any subsequent transferees of the Krim property the right of ingress to and egress from the pier and dock for any purpose, including, but not limited to, the right to enter upon and use the pier and dock. We affirm.

The defendant established her prima facie entitlement to judgment as a matter of law by proffering evidence showing that the agreement dated February 14, 1998, granted to her, her heirs and assigns, and any subsequent transferees of the Krim property, an easement appurtenant over the Benjamin property. The grant of the right-of-way over the 22-foot strip of land was in writing, subscribed by Jean Benjamin in her capacity as grantor, and burdened the Benjamin property, as the servient estate, for the benefit of the Krim property, as the dominant estate (see Corrarino v Byrnes, 43 AD3d 421, 423 [2007]; Webster v Ragona, 7 AD3d 850, 853 [2004]). Furthermore, the grant, written in general terms, included ingress to and egress from the pier and dock "for any purpose," and contained no language limiting or restricting its use to mere ingress or egress (see Hedberg v Brew, 266 AD2d 432 [1999]; Mandia v King Lbr. &

*Plywood Co.,* 179 AD2d 150, 158 [1992]). Thus, the intent of the parties, as construed from the entire instrument (*see Somers v Shatz,* 22 AD3d 565, 566 [2005]), was for the defendant, her heirs and assigns, and any subsequent transferees of the defendant's property, to have a right-of-way over the 22-foot strip of land not only for ingress to and egress from the pier and dock, but also for any purpose, including access to and use of the pier and dock. Even if the language contained in the grant were found to be ambiguous or unclear, "the surrounding circumstances and the situation of the parties when it was executed demonstrate the purpose of the easement" (*Hedberg v Brew,* 266 AD2d at 432; *see Board of Mgrs. of Bayside Plaza Condominium v Mittman,* 50 AD3d 718, 719 [2008]; *Phillips v Jacobsen,* 117 AD2d 785, 786 [1986]). Finally, the evidence established that the plaintiffs had record notice of the easement when they took title to the Benjamin property (*see Farrell v Sitaras,* 22 AD3d 518, 520 [2005]).

In opposition to the defendant's showing, the plaintiffs failed to raise a triable issue of fact and, thus, also failed to establish their prima facie entitlement to summary judgment in their favor. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment and denied the plaintiffs' cross motion for summary judgment on the complaint.

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.