■ RICHARD HARRITON, Respondent, v SUZANNE DOFT, Appellant. [941 NYS2d 693]—

In an action pursuant to RPAPL article 15 to determine claims to real property and for injunctive relief, the defendant appeals from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated June 21, 2011, which granted the plaintiff's motion for summary judgment on the complaint and dismissing the counterclaim, and denied her cross motion for summary judgment on the counterclaim and dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant is the owner of residential property abutting Quantuck Canal which she purchased in 2006. The plaintiff, who at one point owned the defendant's property, owns a parcel across the street to the south of the defendant's property. Pursuant to two right-of-way agreements, inter alia, the plaintiff has both an uncontested right-of-way over the most eastern five feet of the defendant's property, from the street to Quantuck Canal, and the right to access and use a floating dock in the canal for one boat. The agreements also provided, inter alia, that the plaintiff had the right to construct and maintain a "walk" from the right-of-way to the "dock." After purchasing the property, the defendant removed stairs the plaintiff had used to access an elevated catwalk constructed over designated tidal wetlands that terminates in a ramp leading to the floating dock.

In June 2010 the plaintiff commenced this action, inter alia, to determine claims to real property and for injunctive relief. The plaintiff claims that his property is benefited by an easement from the right-of-way to the elevated catwalk where the stairs had been located, just south of the designated wetlands area. In her answer, the defendant asserted a counterclaim that the plaintiff only has the right to use the right-of-way and the floating dock, but nothing else. Thereafter, the plaintiff moved for summary judgment on the complaint and dismissing the counterclaim. The defendant cross-moved for summary judgment on the counterclaim and dismissing the complaint. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the first cause of action by establishing that he possessed an easement allowing him to add, maintain, and use a walk from the undisputed five-foot-wide right-of-way to that portion of the dock structure located just to the south of the designated tidal wetland area, i.e., the elevated catwalk, and that the grantor of the subject right-of-way agree-

ments intended for him to have this easement (*see* Real Property Law § 240 [3]; *Sassouni v Krim*, 68 AD3d 968, 969 [2009]; *Ryan v Posner*, 68 AD3d 963, 964 [2009]; *Hedberg v Brew*, 266 AD2d 432 [1999]). In opposition to the plaintiff's prima facie showing on the first cause of action, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the first cause of action.

The plaintiff also established his prima facie entitlement to judgment as a matter of law on the second and third causes of action, which sought injunctive relief, by submitting evidence demonstrating, inter alia, that he and his heirs, successors, and/or assigns had the right to access the dock catwalk via the stairs that the defendant removed, as well as the right to add, maintain, and use a walk from the right-of-way to the stairs leading up to the dock catwalk. The defendant's contention that the plaintiff failed to make a prima facie showing because his documentary evidence was incomplete or not in admissible form is improperly raised for the first time on appeal (*see Wells Fargo Bank, N.A. v Cohen*, 80 AD3d 753, 755 [2011]). In opposition to the plaintiff's prima facie showing on the second and third causes of action, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the second and third causes of action.

The defendant's remaining contentions are without merit. Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur. **[Prior Case History: 2011 NY Slip Op 31749(U).]**