In an action, inter alia, to recover damages for breach of contract, waste and injury to real property pursuant to RPAPL 861, trespass, conversion, and private nuisance, the plaintiffs appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated April 1, 2011, as denied those branches of their motion which were for summary judgment on the first, second, fourth, and fifth causes of action insofar as asserted against the defendants Anthony Dattero and Nancy Dattero and dismissing the counterclaim of the defendants Anthony Dattero and Nancy Dattero for attorneys’ fees, and granted those branches of the cross motion of the defendants Anthony Dattero and Nancy Dattero which were for summary judgment dismissing the first, second, fourth, and fifth causes of action insofar as asserted against them, and (2) from so much of an order of the same court dated February 16, 2012, as, upon reargument, in effect, vacated so much of the order dated April 1, 2011, as granted that branch of their motion which was for summary judgment on the third cause of action insofar as asserted against the defendants Anthony Dattero and Nancy Dattero and denied those branches of the cross motion of the defendants Anthony Dattero and Nancy Dattero which were for summary judgment dismissing the third cause of action insofar as asserted against them and for summary judgment on their counterclaim for attorneys’ fees, thereupon denied that branch of the plaintiffs’ motion and granted those branches of the cross motion of the defendants Anthony Dattero and Nancy Dattero, and, in effect, granted that branch of the cross motion of the defendants Anthony Dattero and Nancy Dattero which was for summary judgment declaring that they are entitled to easement rights set forth in an unrecorded agreement between those defendants and the plaintiffs’ predecessor-in-interest.
Ordered that the order dated April 1, 2011, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
*832 Ordered that the order dated February 16, 2012, is modified, on the law, by deleting the provisions thereof, upon reargument, granting those branches of the cross motion of the defendants Anthony Dattero and Nancy Dattero which were for summary judgment on their counterclaim for attorneys’ fees and for a declaratory judgment, and substituting therefor a provision upon reargument, adhering to the original determination denying those branches of the cross motion; as so modified, the order dated February 16, 2012, is affirmed insofar as appealed from, without costs or disbursements.
In 1998 Stephen Fellman (hereinafter Fellman) and the defendants Anthony Dattero and Nancy Dattero executed a Declaration Creating Access Easement (hereinafter the Declaration), which granted the Datteros an easement, approximately 10 feet wide and 568 feet long, over the northern-most portion of Fellman’s property (hereinafter the strip) to access a dock located on Fellman’s property, and extending into the Connetquot River. At or about the same time, Fellman and the Datteros entered into a separate written agreement (hereinafter the Agreement) which, inter alia, provided that the Datteros were entitled to certain rights in their use of the easement, including one boat slip on the dock. Shortly thereafter the Declaration was recorded, but the Agreement was never recorded.
In 2003 Fellman sold his property to the plaintiffs, John Schulz and Patricia Fellman, Fellman’s former wife. In 2005 Anthony Dattero submitted an application to the Town of Islip for a land-clearing permit. The application stated that a permit was sought to clear the 10-foot width and much of the length of the strip, including the removal of eight “medium to large trees” within the strip. The land-clearing permit was rejected in the absence of the signatures of the landowners, i.e., the plaintiffs. Subsequently, the plaintiffs signed the application. The Town then issued a land-clearing permit, but on the scheduled day of the clearing a dispute arose between the Datteros and the plaintiffs regarding which trees were to be removed. The plaintiffs called the police in an attempt to stop the Datteros from clearing the strip, but a Town official present at the scene authorized the clearing, and the Datteros’ contractor proceeded to clear the strip.
The plaintiffs commenced this action against, among others, the Datteros, to recover damages, inter alia, for breach of the contract, waste and injury to real property pursuant to RPAPL 861, conversion, private nuisance, and trespass. They also sought injunctive relief enjoining the Datteros from conducting activities in the strip pursuant to the Agreement. The Datteros asserted a counterclaim for attorneys’ fees.
*833 The plaintiffs moved, inter alia, for summary judgment on their claims against the Datteros, and the Datteros cross-moved for summary judgment dismissing the complaint insofar as asserted against them, on their counterclaim for attorneys’ fees, and for a judgment declaring that they are entitled to certain easement rights. The Supreme Court granted that branch of the plaintiffs’ motion which was for summary judgment on the trespass cause of action, granted, inter alia, those branches of the Datteros’ cross motion which were for summary judgment dismissing the causes of action to recover damages for breach of contract, conversion, and private nuisance, and pursuant to RPAPL 861, insofar as asserted against them, and otherwise denied the motion and the cross motion. Thereafter, the Datteros moved for leave to reargue certain portions of their cross motion. The Supreme Court granted reargument and, upon re-argument, inter alia, granted that branch of the Datteros’ cross motion which was for summary judgment dismissing the trespass cause of action insofar as asserted against them and that branch of their cross motion which was for summary judgment on their counterclaim for attorneys’ fees and for a declaratory judgment.
Pursuant to RPAPL 861 (1), a property owner may maintain an action for damages against any person who, without the consent of the owner, removes or causes to be removed trees on the owner’s property (see Zablow v DiSavino, 22 AD3d 748, 749 [2005]). “To recover damages based on the tort of private nuisance, a plaintiff must establish an interference with his or her right to use and enjoy land, substantial in nature, intentional or negligent in origin, unreasonable in character, and caused by the defendant’s conduct” (Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d 410, 412 [2004]; see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569 [1977]). “In order to establish a cause of action to recover damages for conversion, the plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question ... to the exclusion of the plaintiffs rights” (Scott v Fields, 85 AD3d 756, 757 [2011] [internal quotation marks omitted]).
Here, in signing the land clearing permit application, the plaintiffs consented to the clearing of the full 10-foot width and much of the length of the strip and to the removal of eight “medium to large” trees within the easement. The Datteros submitted evidence establishing, prima facie, that they did not exceed the scope of the plaintiffs’ consent and that no more *834 than eight medium to large trees were removed from the easement area. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the Datteros exceeded the scope of the plaintiffs’ consent or removed more than eight medium to large trees. Accordingly, the Supreme Court, by order dated April 1, 2011, properly granted those branches of the Datteros’ cross motion which were for summary judgment dismissing the causes of action to recover damages for breach of the contract, conversion, private nuisance, and pursuant to RPAPL 861, insofar as asserted against them.
Upon reargument, the Supreme Court properly granted that branch of the Datteros’ cross motion which was to dismiss the trespass cause of action insofar as asserted against them. “Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass” (Curwin v Verizon Communications [LEC], 35 AD3d 645, 645 [2006]). The Datteros established, prima facie, that, prior to clearing the strip, they walked on the plaintiffs’ property with the plaintiffs’ permission in order to access the dock given the impassable condition of the strip. In opposition, the plaintiffs failed to raise a triable issue of fact.
With respect to their amended counterclaim for a judgment declaring that they are entitled to the easement rights set forth in the Agreement, the Datteros contended that the plaintiffs were on inquiry notice as to the existence of the Agreement. “[A]n unrecorded conveyance of an interest in real property is deemed void as against a subsequent good faith purchaser for value who acquires his interest without actual or constructive notice of the prior conveyance” (Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 16-17 [1979]; see Real Property Law § 291). However, “ ‘[w]here a purchaser has knowledge of any fact, sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim, to be considered as a bona fide purchaser’ ” (Maiorano v Garson, 65 AD3d 1300, 1303 [2009], quoting Williamson v Brown, 15 NY 354, 362 [1857]; see Congregation Beth Medrosh of Monsey, Inc. v Rolling Acres Chestnut Ridge, LLC, 101 AD3d 797 [2012]). “This presumption, however, is a mere inference of fact, and may be repelled by proof that the purchaser failed to discover the prior right, notwithstanding the exercise of proper diligence on his part” (Williamson v Brown, 15 NY at 362).
Here, in cross-moving for summary judgment for a declara *835 tory judgment, the Datteros failed to eliminate questions of fact as to whether the plaintiffs were on inquiry notice of the Agreement or, assuming the plaintiffs were on inquiry notice, whether the plaintiffs exercised proper diligence in inquiring about the Datteros’ easement rights and yet failed to discover the existence of the Agreement (see T & V Constr. Inc. v Calapai, 90 AD3d 908, 908-909 [2011]). Accordingly, upon reargument, the Supreme Court erred in awarding the Datteros summary judgment declaring that they are entitled to the easement rights set forth in the Agreement. As the Datteros correctly suggest, however, and as the plaintiff John Schulz acknowledged in his deposition testimony, the language of the Declaration was “vague and unclear” as to the nature and extent of the Datteros right to use the strip and the dock (Perillo v Credendino, 264 AD2d 473, 473 [1999]). Thus, in the event the Agreement is found to be void as against the plaintiffs due to lack of notice, the Datteros’ rights as to the strip and dock pursuant to the Declaration should be ascertained by looking to the other surrounding circumstances tending to show the intent of Fellman and the Datteros, and should “include any reasonable use to which [the easement] may be devoted, provided the use is lawful and is one contemplated by the grant” (Phillips v Jacobsen, 117 AD2d 785, 786 [1986]; see Havel v Goldman, 95 AD3d 1174, 1175 [2012]; Sassouni v Krim, 68 AD3d 968 [2009]; Mandia v King Lbr. & Plywood Co., 179 AD2d 150, 158 [1992]; Hedberg v Brew, 266 AD2d 432 [1999]; Monahan v Hampton Point Assn., 264 AD2d 764 [1999]).
Since a triable issue of fact remains as to the extent of the parties’ easement rights, an award of attorneys’ fees to the Datteros as the prevailing party, pursuant to the Declaration, is premature. Accordingly, upon reargument, the Supreme Court should have adhered to its original determination denying that branch of the Datteros’ cross motion which was for summary judgment on the counterclaim for attorneys’ fees.
The plaintiffs’ remaining contention is without merit. Skelos, J.E, Balkin, Austin and Sgroi, JJ., concur. [Prior Case History: 2011 NY Slip Op 30783(U).]