(September 1, 2016)

■ Roger Ehrenberg et al., Appellants, v Hilda M. Regier, Respondent. (And a Third-Party Action.) [37 NYS3d 10]—

Order, Supreme Court, New York County (Debra A. James, J.), entered December 22, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment dismissing the counterclaims, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered October 2, 2015, which upon renewal and reargument of defendant's cross motion, adhered to its original determination denying the cross motion, unanimously dismissed, without costs.

Plaintiffs Roger Ehrenberg and Carin Levine-Ehrenberg purchased a four-story townhouse on West 22nd Street in Manhattan in 2005 with the intention of converting it into a single family home. The home shares a brick party wall with the adjacent four-story townhouse owned by defendant Hilda Regier. Both homes date to the 1840s. The party wall in question is 12 inches thick, consisting of three wythes, or layers, of "un-reinforced 163 year old common brick," interconnected to work as a single unit. After purchase and inspection it was discovered that there was a "bulge" in a section of the party wall where defendant Regier's chimney was located. Renovations to the Ehrenbergs' home included removing and rebuilding a staircase against the wall and rebuilding the party wall. After the party wall was removed, it was discovered that it had been supporting the bulging wall, and shoring was placed where the staircase had been. Where the Ehrenbergs' side of the party wall was damaged, two wythes of bricks were

replaced with steel I-beams as shoring. The interconnection between the new and existing portions of the wall was apparently lost. It was submitted by Regier that an I-beam was inserted too deeply and penetrated through Regier's side of the wall, causing movement of her wall.

After discovering damage to the party wall, the Ehrenbergs commenced this action, alleging that Regier's negligent maintenance had caused damage to their side of the party wall. Regier counterclaimed for damages and injunctive relief, alleging that reconstruction of, and repairs to, the party wall undertaken by the Ehrenbergs had damaged her side of the party wall and house. Regier also commenced a third-party action against the architect, engineer, and contractor hired by the Ehrenbergs to do the work.

The Ehrenbergs moved for summary judgment dismissing the counterclaims against them. Regier cross-moved for a declaration that the Ehrenbergs have a nondelegable duty to maintain the structural integrity of the party wall. By order entered December 22, 2014, Supreme Court denied the Ehrenbergs' motion and Regier's cross motion.

Supreme Court correctly denied plaintiffs' motion for summary judgment on the counterclaims, because there are issues of fact as to whether and to what extent the party wall between plaintiffs' and defendant's houses was weakened in its support of defendant's house by the work undertaken by plaintiffs.

While one who hires an independent contractor generally will not be liable for the contractor's negligence, an exception exists where the employer has a nondelegable duty to ensure the work is safely performed (*Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993]). With regard to two owners whose properties abut the same party wall, each owns so much of the wall as stands upon his or her own lot, both "having an easement in the other strip for purposes of the support of his own building" (*Sakele Bros. v Safdie*, 302 AD2d 20, 25 [1st Dept 2002]). "Although the land covered by a party wall remains the several property of the owner of each half, . . . the title of each owner is qualified by the easement to which the other is entitled" (*5 E. 73rd, Inc. v 11 E. 73rd St. Corp.*, 16 Misc 2d 49, 52 [Sup Ct, NY County 1959], *affd* 13 AD2d 764 [1st Dept 1961]). "[N]either owner may subject a party wall to a use for the benefit of its own property that renders the wall unavailable for similar use for the benefit of the other property" (*Sakele Bros. v Safdie*, 302 AD2d at 26).

Liability may also be imposed on a property owner where, during renovation, the party wall is altered to the detriment of

the adjoining property owner (*Schneider v 44-84 Realty Corp.*, 169 Misc 249 [Sup Ct, Bronx County 1938], *affd* 257 App Div 932 [1st Dept 1939]). In *Schneider*, the court explained that the defendant who tore down its house on one side of the party wall "could not withdraw the wall or change its condition to the injury of plaintiffs or plaintiffs' property without being liable in damages for any injury that might accrue to the plaintiffs thereby" (*id.* at 252). Moreover, "[e]ven if the defendant proceeded with all skill and diligence it is still liable to the plaintiffs for any injuries sustained in consequence of the intended alterations to the wall and to the support which the building on defendant's premises gave to the plaintiffs' property" (*id.* at 253).

While authority exists for the proposition that alterations to premises on one side of a party wall, if performed properly, will not result in a property owner's liability for incidental damages to the adjoining side (*see Alberti v Emigrant Indus. Sav. Bank*, 179 Misc 1021, 1022 [Sup Ct, Bronx County 1942], *affd* 265 App Div 1046 [1st Dept 1943]; *Bicak v Runde*, 78 Misc 358, 360-361 [App Term, 1st Dept 1912]), where, as in this case, it is asserted that the damage complained of was to the structural aspect of the party wall, the property owner could be liable for weakening the party wall, "regardless of any care in performing the work" (*Bicak*, 78 Misc at 360; *accord Alberti*, 179 Misc at 1022). Additionally, the property owner causing the alterations may be liable for trespass where, as here, the party wall is penetrated (*Bicak*, 78 Misc at 360).

The Ehrenbergs' argument that as the performance of the work was not dangerous or extraordinary, the remedy for any resulting damages from negligence would lie only as to the contractor, is without merit. While an owner altering a party wall will not be absolutely liable for an uncontrollable accident or a third party's negligence, the owner must ensure that the wall will not pose a danger or nuisance to the adjoining landowner (*Negus v Becker*, 143 NY 303, 308 [1894]).

Finally, since we find that plaintiffs are not aggrieved by the order that granted defendant's motion for renewal and reargument, we dismiss the appeal therefrom (*see* CPLR 5511). Concur—Tom, J.P., Saxe, Richter, Gische and Webber, JJ. **[Prior Case History: 2014 NY Slip Op 33656(U).]**