Rosen v Schonbrun (2019 NY Slip Op 03393)





Rosen v Schonbrun


2019 NY Slip Op 03393


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-01888
 (Index No. 501391/16)

[*1]Blimi Rosen, etc., respondent,
v
Robert M. Schonbrun, et al., appellants.


Goldberg Segalla LLP, Buffalo, NY (Marc W. Brown and James D. Macri of counsel), for appellants.
Goldberg Weg & Markus PLLC, New York, NY (Alexander Markus of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for injunctive relief and to recover damages for trespass and private nuisance, the defendants appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated July 28, 2017. The order denied, without prejudice, the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In May 2015, the plaintiff purchased property located in Brooklyn. The defendants have owned the adjacent property since September 1991. A shared driveway is located between the two properties. The deed for each property provides a right-of-way easement over the other property for vehicles to access the rear of the properties. A garage is located at the rear of the defendants' property. Another garage was previously located at the back of the plaintiff's property and was attached to the defendants' garage, but by the time the plaintiff acquired title to her property, the garage on her property collapsed and had been removed.
The plaintiff commenced this action to recover damages for trespass and private nuisance, for injunctive relief, and, pursuant to RPAPL article 15, for declaratory relief, alleging that the defendants built a structure that extended onto her property without permission. Prior to the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In support of their motion, the defendants submitted an affidavit of the defendant Robert M. Schonbrun in which he stated that when the defendants purchased their property, the defendants' garage was "attached to" the garage on the plaintiff's property, the garages were "separated by a party wall," and that the deeds to the parties' respective properties "all reference the property line running through a party wall.'" The affidavit also stated that, after the garage on the plaintiff's property collapsed, the prior owners of the plaintiff's property installed siding on their half of the party wall and the defendants repaired their half of the party wall to ensure that it was structurally sound. In opposition, the plaintiff submitted an affirmation from an officer of the prior corporate owner of the plaintiff's property. The affirmation stated that, after the roof of the garage on the plaintiff's property collapsed, the defendants erected a one-foot wide, siding-covered, cinder block wall on the property line that extended six inches onto the plaintiff's property. The Supreme Court denied, without prejudice, the defendants' motion for summary judgment dismissing the complaint. [*2]The defendants appeal.
"Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass" (Curwin v Verizon Communications [LEC], 35 AD3d 645, 645; see Schulz v Dattero, 104 AD3d 831, 834; Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d 410, 412). "The essence of trespass is the invasion of a person's interest in the exclusive possession of land" (Zimmerman v Carmack, 292 AD2d 601, 602; see Curwin v Verizon Communications [LEC], 35 AD3d at 645; Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d at 412). With respect to the tort of private nuisance, "a plaintiff must establish an interference with his or her right to use and enjoy land, substantial in nature, intentional or negligent in origin, unreasonable in character, and caused by the defendant's conduct" (Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d at 412; see Schulz v Dattero, 104 AD3d at 833).
Here, the defendants established their prima facie entitlement to judgment as a matter of law through the submission of the affidavit of Robert M. Schonbrun and documentary evidence which demonstrated that they had not wrongfully entered or interfered with the plaintiff's property, because their garage ended at a party wall which fell on the parties' property line (see Sakele Bros. v Safdie, 302 AD2d 20, 25; see also Ehrenberg v Regier, 142 AD3d 765, 766). In opposition, the plaintiff raised a triable issue of fact as to whether the siding-covered wall extended six inches onto the plaintiff's property, and, thus, whether the defendants' actions went beyond the scope of a party wall easement (see Stamp v 301 Franklin St. Caffe, Inc., 135 AD3d 1209, 1211).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's denial of the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court