Conwell Props., Inc. v DAG Rte. Six, LLC (2022 NY Slip Op 06786)

Conwell Props., Inc. v DAG Rte. Six, LLC

2022 NY Slip Op 06786

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-11255
2020-01752
 (Index No. 500910/18)

[*1]Conwell Properties, Inc., respondent-appellant,
v
DAG Route Six, LLC, appellant-respondent. (Appeal No. 1)
Conwell Properties, Inc., respondent,
v DAG Route Six, LLC, appellant. (Appeal No. 2)

Piscionere & Nemarow, P.C., Rye, NY (Anthony G. Piscionere and Michael J. Konicoff of counsel), for appellant-respondent in Appeal No. 1 and appellant in Appeal No. 2.
Reisman Rubeo & Altman, LLP, Hawthorne, NY (Mark I. Reisman and Mark A. Rubeo, Jr., of counsel), for respondent-appellant in Appeal No. 1 and respondent in Appeal No. 2.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief and to recover damages for breach of an easement agreement, (1) the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Putnam County (Thomas P. Zugibe, J.), dated September 17, 2019, and (2) the defendant appeals from an order of the same court dated February 5, 2020. The order dated September 17, 2019, insofar as appealed from, (a) granted that branch of the plaintiff's motion which was for summary judgment declaring that it is entitled to the easement rights set forth in an unrecorded agreement between the plaintiff and the defendant's predecessor in interest, and, in the alternative, that the plaintiff is entitled to an easement by necessity, and (b) denied the defendant's cross motion, in effect, for summary judgment dismissing so much of the complaint as was based upon the plaintiff's alternate claim that it is entitled to an easement by necessity, and declaring that the plaintiff is not entitled to an easement by necessity. The order dated September 17, 2019, insofar as cross-appealed from, (a) denied that branch of the plaintiff's motion which was for summary judgment declaring the scope of the easement, and (b) denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's counterclaims, alleging nuisance and trespass. The order dated February 5, 2020, granted the plaintiff's oral application to vacate the note of issue.
ORDERED that on the Court's own motion, the notice of appeal from the order dated February 5, 2020, is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated September 17, 2019, is affirmed insofar as appealed [*2]and cross appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Putnam County, for further proceedings on the complaint and counterclaims, including the entry of a judgment, inter alia, declaring that the plaintiff is entitled to the easement rights set forth in an unrecorded agreement between the plaintiff and the defendant's predecessor in interest; and it is further,
ORDERED that the order dated February 5, 2020, is reversed, on the law, without costs or disbursements, the plaintiff's oral application to vacate the note of issue is denied, and the note of issue is reinstated.
Nonparty Mapac Holdings, Inc. (hereinafter Mapac), owned real property located in Putnam County. In 1974, Mapac subdivided that property into two lots, Lot 1 and Lot 2. Mapac retained Lot 2, and, on July 3, 1974, it sold Lot 1 to the plaintiff. Toward the end of 1974, the plaintiff constructed a commercial building on Lot 1. On September 8, 1975, the plaintiff and Mapac entered into a written agreement titled "Easement" (hereinafter the agreement). The agreement provided for access to Lot 1 through a driveway located on Lot 2. The agreement was never recorded.
On June 15, 2016, the defendant purchased Lot 2. In July 2018, the plaintiff received a letter from the defendant's attorney informing the plaintiff that the defendant would "be installing . . . non-structural barriers . . . on their property line" because the plaintiff's "tenants and [their] patrons/vendors" were "utilizing [the defendant's] parking spaces/parking lot."
In July 2018, the plaintiff commenced this action to enforce the agreement, seeking monetary damages, declaratory and injunctive relief, and specific performance. The plaintiff alleged that the defendant's proposed barriers would block the plaintiff's use of the driveway. The defendant, in its answer, asserted counterclaims alleging nuisance and trespass. Thereafter, the plaintiff moved for summary judgment on the complaint, contending that the defendant was on notice of the easement, and alternatively, that the plaintiff is entitled to an easement by necessity. It also moved for summary judgment dismissing the defendant's counterclaims. The defendant opposed the motion and cross-moved, in effect, for summary judgment dismissing so much of the complaint as was based upon the plaintiff's alternate theory of relief, easement by necessity, and declaring that the plaintiff is not entitled to an easement by necessity. In an order dated September 17, 2019, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment declaring that it is entitled to the easement rights set forth in the agreement, and, in the alternative, that the plaintiff is entitled to an easement by necessity. The court determined that the defendant had constructive notice of the possible existence of an easement necessitating a duty to make further inquiry. The court denied that branch of the motion which was for summary judgment declaring the scope of the easement, and denied those branches of the motion which were for summary judgment dismissing the defendant's counterclaims. The court also denied the defendant's cross motion. The defendant appeals and the plaintiff cross-appeals from the order dated September 17, 2019.
In December 2019, the plaintiff made an oral application to vacate the note of issue. At a proceeding on December 11, 2019, the Supreme Court granted the plaintiff's application. The transcript of that proceeding was so-ordered by the court on February 5, 2020. The defendant appeals from that order.
A good faith purchaser for value is not bound by an easement which is not properly recorded prior to the purchase of the encumbered property (see Real Property Law § 291; Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 16-17; Schulz v Dattero, 104 AD3d 831, 834). However, the purchaser cannot claim good faith purchaser status if it had actual or constructive notice of the easement (see Stasack v Dooley, 292 AD2d 698, 700; Strnad v Brudnicki, 200 AD2d 735, 737). Where there is open and visible use of property by a third person, a purchaser is placed on constructive notice of the possible existence of prior rights (see Miles v De Sapio, 96 AD2d 970, 971; Pallone v New York Tel. Co., 34 AD2d 1091, affd 30 NY2d 865). If no inquiry is made, the purchaser is charged with the knowledge that a reasonable inquiry concerning the defect would have [*3]revealed (see Williamson v Brown, 15 NY 354, 362; Schulz v Dattero, 104 AD3d at 834).
Here, the evidence in the record demonstrated that the plaintiff's use of the driveway was open and visible. Thus, the plaintiff established that the defendant had constructive notice of the easement. In opposition, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment declaring that it was entitled to the easement rights set forth in the agreement.
The Supreme Court properly denied that branch of the motion which was for summary judgment declaring the scope of the easement. "The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (Hopper v Friery, 260 AD2d 964, 966; see Raven Indus., Inc. v Irvine, 40 AD3d 1241, 1242). Here, the plaintiff failed to establish, prima facie, the scope of the easement.
The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's nuisance counterclaim. The plaintiff failed to establish its entitlement to judgment as a matter of law by eliminating all triable issues of fact as to whether its tenants' use of Lot 2 s parking lot and parking spots constituted a private nuisance (see Aristides v Foster, 73 AD3d 1105, 1106). Additionally, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law dismissing the trespass counterclaim, as it did not demonstrate a right to use the defendant's parking lot and parking spots (see Masucci v DeLuca, 97 AD2d 550, 551).
The Supreme Court erred in granting the plaintiff's oral application to vacate the note of issue. The application was untimely and the plaintiff did not demonstrate unusual or unanticipated circumstances (see Cesarz v O'Reilly, 194 AD3d 1007, 1007; Reardon v Macy's, Inc., 191 AD3d 712, 714; Tirado v Miller, 75 AD3d 153, 161-162). Contrary to the plaintiff's contention, the fact that the court did not determine the scope of the easement was not an unusual or unanticipated circumstance.
The parties' remaining contentions either need not be reached in light of our determination or are not properly before this Court.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Putnam County, for further proceedings on the complaint and counterclaims, including the entry of a judgment, inter alia, declaring that the plaintiff is entitled to the easement rights set forth in an unrecorded agreement between the plaintiff and the defendant's predecessor in interest (see Lanza v Wagner, 11 NY2d 317, 334).
CONNOLLY, J.P., CHRISTOPHER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court